COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


VELMA SHANTE CHAMBERS AYERS

MEMORANDUM OPINION[*]
v.        Record No. 0802-10-2                                   PER CURIAM
                                                                JULY 27, 2010
BUCKINGHAM COUNTY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
Richard S. Blanton, Judge

(Daniel L. Rutherford, on brief), for appellant.

(E. M. Wright, Jr.; Jody H. Fariss, Guardian *ad litem* for the minor
child, on brief), for appellee.


       Velma S. Ayers appeals a decision of the trial court approving a permanency planning

order with a goal of adoption and terminating her residual parental rights.  On appeal, she

contends the evidence was insufficient to support the trial court's decision.  Upon reviewing the

record and briefs of the parties, we conclude this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

       The trial court terminated Ayers' parental rights pursuant to both Code § 16.1-283(B) and

16.1-283(E)(i).  On appeal, Ayers challenges only the termination of her parental rights pursuant

to Code § 16.1-283(B).

       In addition to invoking Code § 16.1-283(B), the final order recites that "clear and

convincing evidence [establishes] . . . [t]he residual parental rights of [Ayers] to a sibling have

previously been involuntarily terminated," and the final order invokes Code § 16.1-283(E)(i) as a

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

basis for terminating Ayers' parental rights. The order also finds that termination is in the best interests of the minor child. On this appeal, however, Ayers presents no argument that the trial judge erred in terminating her parental rights pursuant to Code § 16.1-283(E)(i) (providing for termination of parental rights when "the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated"). When an appellant fails to contest a trial judge's termination of parental rights under one subdivision of Code § 16.1-283, we will not consider whether the evidence sufficiently supported termination under alternative subdivisions of the statute. Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8, 614 S.E.2d 656, 659 (2005). Accordingly, we summarily affirm the decision terminating Ayers' parental rights. See Rule 5A:27.

Affirmed.